THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed: March 7, 2023

**UNITED STATES PATENT AND TRADEMARK OFFICE**

————

**Trademark Trial and Appeal Board**

————

*Nnenna Lovette Nkanginieme*
v.
*Lovette Appleton*

————

Opposition No. 91256464

————

**Request for Reconsideration**

————

William E. O'Brien, of O'Brien Global Law, for Nnenna Lovette Nkanginieme.

Kristin J. Achterhof, Jeffrey A. Wakolbinger, Karen A. Ash and Alexandra R. Caleca of Katten, Muchin Rosenman LLP, for Lovette Appleton.

————

Before Bergsman, Wolfson, and Coggins, Administrative Trademark Judges.

Opinion by Wolfson, Administrative Trademark Judge:

On December 28, 2022, Applicant filed a request for reconsideration of the Board's final decision in this proceeding, sustaining the opposition to registration of Applicant's mark LOVETTE under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), on the basis of a likelihood of confusion. 24 TTABVUE.[1]

---

[1] Citations to TTABVUE are to the Board's public online database that contains the proceeding file, available at www.uspto.gov. The first number represents the docket

Opposer filed a brief in response to Applicant's request, 25 TTABVUE; and Applicant filed a reply brief. 26 TTABVUE.

Applicant contends that the Board improperly found that priority was not at issue based on Opposer's registration of the mark NNENNA LOVETTE, which matured to registration on the Principal Register prior to the close of Opposer's testimony period, and was properly entered into the record by Notice of Reliance filed during that period. 11 TTABVUE 4-5. Opposer filed the underlying application for the mark on June 1, 2020, after Applicant filed her application, the subject of this opposition, on December 30, 2019. Applicant asserts that "[t]he Board erred in removing the 'priority' element from Opposer's 'priority and likelihood of confusion claim' and allowing Opposer to rely solely on a registration with a constructive priority date that postdates Applicant's application by five months. In other words, Opposer prevailed by virtue of an application she filed after the opposed application." Applicant's Request for Reconsideration, 24 TTABVUE 3.

In response, Opposer asserts the Board did not err in determining that priority was not at issue. Opposer cites Trademark Rule 2.106(b)(3)(ii), 37 C.F.R. § 2.106(b)(3)(ii), which provides that "[a]n attack on the validity of a registration pleaded by an opposer will not be heard unless a counterclaim or separate petition is filed to seek the cancellation of such registration." Opposer argues "[t]he rule is clear, Applicant needed to have taken some action against

number and any second number represents the page in the TTABVUE electronic proceeding file.

Opposer's mark at the time she became aware of the registration." 25 TTABVUE 4-5.

Applicant replies that she "is not making a collateral attack on Opposer's registration; she is simply asserting . . . that Opposer's registration does not provide a basis for priority over Applicant's pending application," and that "Applicant did not need to attack Opposer's registration because that registration is not evidence of a priority date that falls earlier than the date on which Applicant filed the opposed application." 24 TTABVUE 8-9.

The purpose of a request for reconsideration is to show that, based on the evidence submitted and the prevailing authorities, the Board's decision was erroneous and should be changed or modified. *In re Berkeley Lights, Inc.*, 2022 USPQ2d 1000, at \*2 (TTAB 2022). The request may not be used to introduce additional evidence, nor should it be devoted simply to a reargument of the points presented in the requesting party's brief on the case. "Rather, the request normally should be limited to a demonstration that, based on the evidence properly of record and the applicable law, the Board's ruling is in error and requires appropriate change." TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 543 (2022).

Applicant has not shown that the Board's findings or ultimate ruling was in error, and we fully explained in our decision why priority was not at issue in this opposition proceeding, based on Opposer's pleaded and proven registration. *See* 23 TTABVUE 8-11. As we stated in the final decision, "[w]e

need not analyze the parties' arguments with respect to Opposer's alleged common-law rights of priority, however, because we find it sufficient to rely upon Opposer's NNENNA LOVETTE registration in analyzing whether a likelihood of confusion exists." 23 TTABVUE 11. To the extent our wording that "Opposer's registration proves her priority, which is not at issue for the services recited therein," *id.* at 11, may be misunderstood as meaning that we found Opposer to have actually proven priority, we clarify that we did not make a determination as to priority – because we did not need to.

Opposer's registration removed priority as an issue. *See King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108, 110-11 (CCPA 1974) ("In an opposition, the board must consider existing registrations of subsequent-user opposers . . . ."); *Massey Junior Coll., Inc. v. Fashion Inst. of Tech.*, 492 F.2d 1399, 181 USPQ 272, 275 n.6 (CCPA 1974) ("[P]rior use need not be shown by an opposer relying on a registered mark unless the applicant counterclaims for cancellation."); *Signal Cos. v. Sigmor Corp.*, 190 USPQ 81, 83 (TTAB 1975) (although filing date of opposer's application was subsequent to applicant's first use, priority was not an issue in the absence of a counterclaim to cancel the pleaded registration).

In *Signal Cos.*, opposer owned a registration for the mark SIGNAL for automotive service stations that had been filed after applicant's first use of the opposed mark SIG-II. With respect to this registration, the Board held:

> This, however, does not preclude opposer's reliance thereon
> since it has been held, in view of the reference in Section

> 2(d) to a registered mark rather than to a previously used registered mark, that the question of priority does not arise against a registered mark in an opposition proceeding. Priority becomes an issue only through a counterclaim to cancel the pleaded registration. See: *King Candy Company v. Eunice King's Kitchen, Inc.*, 182 USPQ 108 (CCPA, 1974), and the cases cited therein. Opposer, therefore, may properly rely upon the mark "SIGNAL" for service station services[.]

*Signal Cos.*, 190 USPQ at 83.

It is USPTO policy to process conflicting applications[2] in the order of their filing dates (or effective filing dates), such that the application having the earliest effective filing date will be the first to proceed through examination and toward publication for opposition (if it is eligible for registration on the Principal Register) or toward registration (if eligible for registration on the Supplemental Register). Trademark Rule 2.83(a), 37 C.F.R. § 2.83(a); TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 1208.01 (July 2022).

> However, once a registration issues, a likelihood-of-confusion refusal that is required by the Trademark Act applies regardless of the filing-date priority of the underlying application. Internal examination procedures do not have primacy over statutory law, and a refusal that is authorized by the Trademark Act will not be considered invalid due to errors in examination procedure.

TMEP § 1208.01 (citing *In re House Beer, LLC*, 114 USPQ2d 1073, 1076 (TTAB 2015)).

Long-standing precedent makes clear that Trademark Act Section 2(d) provides two separate bases for refusal, one being a mark registered in the

---

[2] When the marks in two or more pending applications filed by different applicants appear to be sufficiently similar that they may ultimately require a refusal of registration under Section 2(d), they are considered "conflicting applications."

USPTO and the other being a mark (or trade name) previously used in the United States and not abandoned, and that the requirement of priority of use applies only to unregistered marks asserted as a bar to registration. *House Beer*, 114 USPQ2d at 1076, n.14; *Signal Cos.*, 190 USPQ at 83. Although Applicant argues for a reinterpretation of settled case law of this Board and its reviewing court, Section 2(d) of the Trademark Act makes no allowance for discounting a registered mark based on the filing date of the application underlying an opposer's claimed registration. Section 2(d) provides for refusal on the basis of a mark's resemblance to "a mark **registered** in the Patent and Trademark Office ...." 15 U.S.C. § 1052(d). (emphasis added). "This provision of the statute makes no reference to the filing date of the application underlying the registration cited as the basis for a refusal." *House Beer*, 114 USPQ2d at 1076.

In *House Beer*, the Board affirmed a Section 2(d) refusal based on a registration that issued from an application with an effective filing date subsequent to the applicant's filing date, finding the refusal of registration "procedurally sound." Despite Applicant's assertion of Section 2(d) as including a priority requirement when a registration is asserted as the basis for an opposition, the plain language of the statute does not include such requirement. Once Opposer obtained a trademark registration, she was entitled under Section 2(d) of the Trademark Act to rely on her registration to present a bar to registration of Applicant's mark, contingent only upon showing

a likelihood of confusion. *See, e.g., Orange Bang, Inc. v. Ole Mexican Foods, Inc.*, 116 USPQ2d 1102, 1115 (TTAB 2015) ("There are two elements to proving the ground of likelihood of confusion: priority [unless the opposer has an unchallenged registration in which case priority is not at issue] and likelihood of confusion.").

Applicant relies on Trademark Act Section 7(c) for her argument that Section 2(d) includes a priority requirement, arguing that "Section 7(c) explains that the application filing date serves as a priority date for registration, but not against one who has an earlier pending application." 24 TTABVUE 9. That portion of Section 7(c) upon which Applicant relies states that the filing of an application to register a mark on the Principal register constitutes constructive use of the mark, conferring a right of priority against any person except one who, prior to the filing, has "filed an application to register the mark which is pending or has resulted in registration of the mark." 15 U.S.C. § 1057(c)(2). Applicant's reliance on this statement as a means for reinterpreting the plain language of Section 2(d) is misplaced. Section 7(c) applies in cases where priority is an issue, but in this case priority is not at issue as a result of Opposer's registration.

Applicant argues that our holding results in an absurdity:

> The Board's removal of the priority requirement for a claim based on a registration presents a defendant in Applicant's position with an unacceptable set of choices: She can either give up her argument that she has priority or she can give up her argument that confusion is not likely.

> This is because the only way to put priority back at issue if the Board's decision in this case is followed is to file a separate opposition against Opposer's application or a cancellation action after it registers. And filing such a claim to assert priority would require Applicant to claim that Opposer's mark is likely to be confused with Applicant's mark, a position is that [sic] completely at odds with her defense in this Opposition, where she has denied any likelihood of confusion. Any reading of Section 2(d) and the interpretive case law as requiring that absurd result cannot be correct.

*Id.* at 10.

Applicant is mistaken. We have not removed "the priority requirement" for a Section 2(d) claim in an opposition based on an existing registration where there is no counterclaim to cancel the pleaded registration, for there is no such requirement. On the other hand, Applicant is correct that she could have made priority an issue by filing an opposition against Opposer's application following its publication, or a petition to cancel Opposer's registration after it issued, by asserting a claim, if warranted by the facts, that Applicant has priority.

Had Applicant chosen to file an answer and a counterclaim seeking cancellation of Opposer's registration, she would have been entitled to allege, in the alternative, that there is no likelihood of confusion between the marks such that the opposition should be dismissed, or that if there is a likelihood of confusion that Applicant has actual priority and so Opposer's registration must fall. Fed. R. Civ. P. 8(d)(2)-(3), made applicable to Board proceedings under Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), sets forth this principle:

> (2) *Alternative Statements of a Claim or Defense.* A party may set out two or more statements of a claim or defense

alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

*Cf. City of London Distillery, Ltd. v. Hayman Grp. Ltd.*, 2020 USPQ2d 11487, at \*13-15 (TTAB 2020) (if an application is challenged in an opposition as being descriptive or geographically descriptive, applicant may amend its application to conditionally seek registration in the alternative either under Section 2(f) as having acquired a secondary meaning or on the Supplemental Register); *Orange Bang*, 116 USPQ2d at 1114 (citing *Embarcadero Techs. Inc. v. RStudio Inc.*, 105 USPQ2d 1825, 1828-29 (TTAB 2013) (Section 18 proposed amendments may be asserted in the alternative)); *Ohio State Univ. v. Ohio Univ.*, 51 USPQ2d 1289, 1292 (TTAB 1999) (allegation of likelihood of confusion recited in counterclaim in the alternative accepted as supporting respondent's claim of fraud; motion to strike counterclaim denied); TBMP § 1215 ("Just as the examining attorney may refuse registration on alternative grounds …, so, too, the applicant may, in appropriate cases, take alternative positions with respect to a refusal to register.").

In short, notwithstanding an applicant's assertion of earlier filing or actual use dates, unless there is a counterclaim against the opposer's pleaded and proven registration, priority is not at issue in a likelihood of confusion dispute.

**Decision**: Applicant's Request for Reconsideration is denied. The Board's November 28, 2022 decision stands.